PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-2897

_____

D.C. Docket No.  96-255-Civ-T-24E

TONYA J. WIDEMAN,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 27, 1998)**

Before CARNES, Circuit Judge, KRAVITCH, Senior Circuit Judge, and MILLS *, Senior District Judge.

_____

*Honorable Richard Mills, Senior U.S. District Judge for the Central District of Illinois, sitting by designation.

CARNES, Circuit Judge:

Plaintiff Tonya Wideman appeals from the district court's grant of defendant Wal-Mart's motion for a judgment as a matter of law on her Title VII claims of hostile environment, constructive discharge, and retaliation. Wideman's contention that the district court erred in granting Wal-Mart a judgment on her hostile environment and constructive discharge claims is meritless; the judgment with respect to those claims is affirmed without further discussion. However, for the reasons set forth below, we agree with Wideman's contention that the district court erred in granting Wal-Mart judgment as a matter of law on her retaliation claim.

## I. DISCUSSION

We review de novo the grant of a judgment as a matter of law. See Thomas v. Dillard Dept. Stores, Inc., 116 F.3d 1432, 1433 (11th Cir. 1997). We, like the district court, are required to view the facts in the light most favorable to the nonmovant. See Walls v. Button Gwinnett Bancorp, Inc., 1 F.3d 1198, 1200 (11th Cir. 1993).

The parties agree that to establish a prima facie case of retaliation under 42 U.S.C. § 2000e-3(a), a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression. See, e.g., Weaver v. Casa Gallardo, 922 F.2d 1515, 1524 (11th Cir. 1991). However, the parties disagree over whether a plaintiff who alleges she was retaliated against for filing an EEOC charge of discrimination must also establish, as part of her prima facie case, that she had a good faith, reasonable basis for filing the charge. Wideman argues that a plaintiff who alleges she suffered retaliation for filing an EEOC

charge is pursuing her claim under the participation clause of 42 U.S.C. § 2000e-3(a), and that protection from retaliation under the participation clause is not conditioned by a good faith, reasonable basis requirement. Wal-Mart, on the other hand, notes that we have held that retaliation claims brought under the opposition clause of 42 U.S.C. § 2000e-3(a) are conditioned by a good faith, reasonable basis requirement, see, e.g, Little v. United Technologies, 103 F.3d 956, 959-60 (11th Cir. 1997), and argues that we should not distinguish retaliation claims brought under the participation clause from those under the opposition clause. The district court agreed with Wal-Mart, holding that Wideman did not establish a prima facie case of retaliation because her EEOC charge of discrimination was not "objectively reasonable."

Because we conclude that the facts of this case, viewed in the light most favorable to Wideman, show that Wideman had a good faith, reasonable basis for filing her charge, we need not decide whether protection from retaliation under the participation clause is conditioned by a good faith, reasonable basis requirement. During the trial Wideman testified as follows concerning her reasons for filing her EEOC charge of discrimination on February 9, 1995:

> Q. At the time you filed [the EEOC] charge, did you feel that you were being discriminated against?
>
> A. Yes.
>
> Q. Why did you feel that way?
>
> A. The statements that were made to me, the pay cut, the statement Mr. Telfer made when he took half of the raise back, and the fact that I was qualified for that [craft

3

instructor] position. And the bottom end, <u>Mrs. Dellinger let me know that she was not giving it [the position] to anybody black</u>.

(emphasis added). Accepting Wideman's testimony as true and interpreting it in the light most favorable to her position, as we must for purposes of reviewing a judgment as a matter of law, she filed the charge of discrimination because her manager told her that the craft instructor position would not be filled by a black person. Because refusing to fill a position based on race is illegal discrimination under Title VII, if Wideman's testimony is true, she had a good faith, reasonable basis for filing an EEOC charge of racial discrimination.[1] Thus, the district court erred in concluding that Wideman had failed to establish a prima facie claim of retaliation because her EEOC charge of discrimination was not "objectively reasonable."

Turning to whether Wideman presented sufficient evidence to establish the three elements of a retaliation claim, Wal-Mart concedes that Wideman engaged in protected activity by filing the EEOC charge of discrimination on February 9, 1995, but contends that she failed to show she suffered any adverse employment actions or a causal connection between the protected activity and any adverse employment actions. We disagree.

As evidence of adverse employment actions, Wideman points to the following actions which occurred (viewing the evidence in the light most favorable to her) after she filed her EEOC charge. First, on February 11, 1995, the day after she informed management that she

---

[1]Wal-Mart's counsel conceded at oral argument that Wideman would have a good faith reasonable basis for her charge if Wideman had testified that she filed the discrimination charge because Dellinger told her she would not give the position to anybody black. As we have pointed out, Wideman did testify to that.

had filed an EEOC charge, she was improperly listed as a no-show on a day she was scheduled to have off. Wideman discovered the error when she went into the Wal-Mart to shop. When she brought the error to the attention of her manager, Mark Telfer, he required her to work anyway without a lunch break. Second, on February 13 and 22, 1995, Telfer gave Wideman written reprimands. After the second reprimand, she received a one-day suspension. In her previous eleven months of employment at Wal-Mart she had not received any reprimands. Third, around February 13,1995, Telfer began soliciting employees at Wal-Mart for negative statements concerning Wideman. According to Wideman, Telfer did not seek statements from employees who would have given positive comments about her. Fourth, on April 3, 1995, Wideman reported to work and found she had not been scheduled to work. When she announced her intention to call Wal-Mart headquarters to find out why, Assistant Manager Rene Willemain threatened to shoot her in the head. Fifth, on May 3, 1995, while she was working at Wal-Mart, Wideman suffered an allergic reaction which required medical treatment. Although Wal-Mart Assistant Manager Audrey Nichols was aware that Wideman needed treatment, she needlessly delayed authorizing that medical treatment.

Wal-Mart contends that none of those acts are sufficient to constitute an adverse employment action for purposes of a retaliation claim. Relying principally on the Fifth Circuit's holding in Mattern v. Eastman Kodak Co., 104 F.3d 702 (5th Cir. 1997), Wal-Mart argues that unless the alleged act of retaliation was an "ultimate employment action" such as discharge or failure to hire, it does not qualify as an adverse employment action for

5

purposes of an unlawful retaliation claim.[2]

There is a circuit split on this issue. While the Eighth Circuit has sided with the Fifth Circuit, see Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997) (only adverse employment actions that "rise to the level of an ultimate employment decision [are] intended to be actionable under Title VII."), the First, Ninth, and Tenth Circuits have all held that Title VII's protection against retaliatory discrimination extends to adverse actions which fall short of ultimate employment decisions. See Wyatt v. City of Boston, 35 F.3d 13, 15-16 (1st Cir. 1994) (stating that actions other than discharge are covered by Title VII's anti-retaliation provision and listing as examples, "employer actions such as demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations and toleration of harassment by other employees.") (internal citation omitted); Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir. 1987) (holding that such non-ultimate employment decisions as "[t]ransfers of job duties and undeserved performance ratings, if proven, would constitute 'adverse employment decisions' cognizable under" Title VII's anti-retaliation provision); Berry v. Stevinson Chevrolet, 74 F.3d 980, 984-86 (10th Cir. 1996) (construing Title VII's anti-retaliation provision to reach beyond ultimate employment decisions and protect an employee from a malicious prosecution action brought by former employer). In addition, the D.C. Circuit has held that the Age Discrimination in Employment Act's anti-

---

[2]Wal-Mart also cites the Fourth Circuit case of Page v. Bolger, 645 F.2d 227 (4th Cir. 1981). We find that case inapposite because it did not involve a case arising under 42 U.S.C. § 2000e-3(a). Instead, it involved a claim of denial of promotion on the basis of race under 42 U.S.C. § 2000e-16.

6

retaliation clause, which is identical to Title VII's, "does not limit its reach only to acts of retaliation that take the form of cognizable employment actions such as discharge, transfer or demotion." Passer v. American Chem. Soc'y, 935 F.2d 322, 331 (D.C. Cir. 1991). See also, Welsh v. Derwinski, 14 F.3d 85, 86 (1st Cir. 1994) (stating that the ADEA's anti-retaliation provision covers more than discharge, demotion, or failure to promote and that a "case by case review" is necessary to determine whether an employer's actions rise to the level of adverse employment actions for purposes of stating a prima facie case of retaliation).

We join the majority of circuits which have addressed the issue and hold that Title VII's protection against retaliatory discrimination extends to adverse actions which fall short of ultimate employment decisions. The Fifth and Eighth Circuits' contrary position is inconsistent with the plain language of 42 U.S.C. § 2000e-3(a), which makes it "unlawful to *discriminate* against any of his employees . . . because he has made a charge . . ." (emphasis added). Read in the light of ordinary understanding, the term "discriminate" is not limited to "ultimate employment decisions." Moreover, our plain language interpretation of 42 U.S.C. § 2000e-3(a) is consistent with Title VII's remedial purpose. Permitting employers to discriminate against an employee who files a charge of discrimination so long as the retaliatory discrimination does not constitute an ultimate employment action, could stifle employees' willingness to file charges of discrimination.

Although we do not doubt that there is some threshold level of substantiality that must be met for unlawful discrimination to be cognizable under the anti-retaliation clause, we need not determine in this case the exact notch into which the bar should be placed. It is enough

7

to conclude, as we do, that the actions about which Wideman complains considered collectively are sufficient to constitute prohibited discrimination. We need not and do not decide whether anything less than the totality of the alleged reprisals would be sufficient. Accordingly, for judgment as a matter of law purposes, Wideman's evidence satisfied the adverse employment action requirement for a prima facie case of retaliation.

To establish the causal relation element of her prima facie case of retaliation, Wideman need only show "that the protected activity and the adverse action are not wholly unrelated." Meeks v. Computer Associates Intern., 15 F.3d 1013, 1021 (11th Cir. 1994) (quoting EEOC v. Reichhold Chem., Inc., 988 F.2d 1571-72 (11th Cir. 1993). She has done that by presenting evidence that Wal-Mart knew of her EEOC charge -- she testified that she informed her Wal-Mart managers on February 10, 1995 that she had filed an EEOC charge of discrimination the day before -- and that the series of adverse employment actions commenced almost immediately after management learned she had filed the charge. See Donnellon v. Fruehauf Corp., 794 F.2d 598, 601 (11th Cir. 1986) ("The short period of time [(one month)] between the filing of the discrimination complaint and the . . . [adverse employment action] belies any assertion by the defendant that the plaintiff failed to prove causation.").

Thus, we conclude that Wideman presented sufficient evidence to establish a prima facie case of retaliation. Because of that and because Wal-Mart did not assert in the district court any non-discriminatory reasons for the adverse employment actions Wideman allegedly suffered in retaliation for filing her charge, she was not required to present any additional

evidence in order to survive Wal-Mart's motion for judgment as a matter of law. Accordingly, we reverse the district court's entry of judgment against Wideman on the retaliation claim.

## II. CONCLUSION

We AFFIRM the district court's entry of a judgment on the hostile environment and constructive discharge claims, but REVERSE the district court's entry of a judgment on the retaliation claim and we REMAND the case for a trial on the merits of that claim.