[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15053
Non-Argument Calendar
_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2005
THOMAS K. KAHN
CLERK**

D.C. Docket No. 03-00540-CV-CB-L

JACKIE R. HAINES,

Plaintiff-Appellant,

versus

JOHN E. POTTER,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Alabama

_____

**(June 14, 2005)**

Before ANDERSON, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Jackie R. Haines, a black male with various medical restrictions, appeals the

district court's order granting summary judgment in favor of his former employer,

John E. Potter, the Postmaster General of the United States Postal Service ("USPS"), in this employment discrimination (disability and race) lawsuit alleging violations of the Rehabilitation Act of 1974, 29 U.S.C. § 701, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.  On appeal, Haines argues that the following genuine issues of material fact should have prevented entry of summary judgment on his claims: (1) whether USPS employees were motivated by discriminatory intent (based on disability or race, or both) when they directed Haines to park in a designated handicapped spot, rather than in a place near the dumpster that was not a parking spot; and (2) whether, after he started parking in the handicapped spot, the employees retaliated against him by asking him not to park in the spot if he did not display his handicapped permit.  After thorough review of the record and careful consideration of the parties' briefs, we affirm.

We review the district court's order granting summary judgment de novo.  See Madray v. Publix Supermarkets, Inc., 208 F.3d 1290, 1296 (11th Cir. 2000).  A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289, 88 S. Ct. 1575, 1592, 20 L. Ed. 2d 569 (1968)). In making this assessment, we "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1285 (11th Cir. 1997), and "resolve all reasonable doubts about the facts in favor of the non-movant." United of Omaha Life Ins. v. Sun Life Ins. Co., 894 F.2d 1555, 1558 (11th Cir. 1990).

Under Title VII, it is an unlawful employment practice for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §§ 2000e-3(a). As with a discriminatory treatment claim, a plaintiff alleging a retaliation claim under Title VII must begin by establishing a prima facie case; the plaintiff must show that (1) he engaged in a statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities. See Little

3

v. United Technologies, 103 F.3d 956, 959 (11th Cir. 1997); Coutu v. Martin County Bd. of County Comm'rs, 47 F.3d 1068, 1074 (11th Cir. 1995) (per curiam).

An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that "alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3rd Cir.1997) (citation and internal marks omitted). Conduct that falls short of an ultimate employment decision must meet "some threshold level of substantiality . . . to be cognizable under the anti-retaliation clause." Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1456 (11th Cir. 1998).

Here, the district court found the following: (1) Haines was afforded reasonable accommodations because he was permitted to park in a designated handicapped parking spot so long as he displayed the required permit; and (2) Haines presented no evidence of an adverse employment action -- neither based on the occasion when he was asked not to park in a place by the dumpster that was not a designated parking space, nor when he was told to move his car from the designated handicapped spot because he was not displaying his handicapped parking permit. In his brief, Haines asserts that the district court erred by entering summary judgment because there

4

remain genuine issues of material fact concerning his former employer's alleged discriminatory <u>intent</u>. We do not need to reach that issue since we find the district court properly entered summary judgment based on Haines's failure to allege an adverse employment action under Title VII or the Rehabilitation Act. <u>See</u> <u>Watkins v. Bowden</u>, 105 F.3d 1344, 1353 n. 17 (11th Cir. 1997) (appellate court may affirm district court on any ground, even one not considered). Notably, in this appeal, Haines does not challenge the district court's findings that reasonable accommodations -- such as allowing Haines to park in a designated handicapped parking spot when displaying the required permit -- were made and that the incidents of which Haines complained did not rise to the level of materially adverse employment actions. Those findings alone support the district court's decision and obviate any need to address evidence of discriminatory intent. Accordingly, we affirm the district court's grant of summary judgment in favor of Potter.

**AFFIRMED.**