[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 27, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15767
Non-Argument Calendar

_____

D. C. Docket No. 03-00054-CV-JEC-1

ELDSON J. MCGHEE,

Plaintiff-Appellant,

versus

JIM NICHOLSON, Secretary,
U.S. Department of Veterans Affairs,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 27, 2005)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Eldson McGhee files this pro se appeal, challenging the grant of summary judgment in favor of the Department of Veteran Affairs ("VA"), in this employment retaliation suit brought under Title VII, 42 U.S.C. § 2000e-16, and the Rehabilitation Act, 29 U.S.C. § 794. McGhee also claimed a violation of his right to procedural due process.

## Discussion

### I. Due Process Violations

In attacking the grant of summary judgment, McGhee argues that several witnesses who were not deposed would have provided information critical to proving his retaliation claim. While he has submitted no evidence or affidavits to support this contention, he asserts that he would have been able to develop the necessary evidence if he had been allowed further discovery. However, after the pre-trial discovery period ended and the VA filed a motion for summary judgment, McGhee never alleged a need for more discovery. After the magistrate issued a report and recommendation that recommended summary judgment to the VA, McGhee objected, stating that summary judgment should be denied because discovery was incomplete, and because he had met his burden of establishing a prima facie case of retaliation. However, McGhee never filed an affidavit pursuant to Rule 56(f) or a motion to compel discovery. The district court granted summary

2

judgment to the VA, adopting the magistrate's report and recommendation. We find no abuse of discretion. McGhee never sought additional discovery, nor did he demonstrate how the evidence he sought would have established his case.[1]

## II. Retaliation

To establish a prima facie case in a Title VII retaliation claim, an employee must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to the protected conduct. Wideman v. Wal-Mart, 141 F.3d 1453, 1454 (11th Cir. 1998). The adverse employment action requirement may be satisfied by an ultimate employment action, such as discharge or failure to hire, or else must "meet some threshold level of substantiality." Stravropoulos v. Firestone, 361 F.3d 610, 616-617 (11th Cir. 2004).

McGhee asserts that the protected conduct at issue was his participation in a co-worker's EEOC claim against the VA. He claims that thereafter the VA threatened to issue McGhee a letter of reprimand. He asserts that this proposed letter of reprimand constitutes an adverse employment action, which was causally connected to his participation in his co-worker's EEOC claim. This letter of

---

[1]McGhee additionally argues that his procedural due process rights were violated because the EEOC did not address the issues raised in his complaint, and likewise did not afford him a full and complete discovery process. We find no reversible error in this regard.

3

reprimand, however, was never issued.  No adverse employment action occurs where an employer rescinds a decision to take action before the employee suffers a tangible harm.  Pennington v. City of Huntsville, 261 F.3d 1262, 1267 (11th Cir. 2001).  Likewise, "[a] threatened letter never actually written cannot constitute an adverse employment action." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 588 n.15 (11th Cir. 2000).  Thus, McGhee has failed to establish his prima facie case of discrimination.

**AFFIRMED.**