[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2006
THOMAS K. KAHN
CLERK

No. 05-14435
Non-Argument Calendar
_____

D. C. Docket No. 04-00331-CV-WS-M

CAROLINE K. BELT,

Plaintiff-Appellant,

versus

ALABAMA HISTORICAL COMMISSION,

Defendant-Appellee,

BLANTON BLANKENSHIP,
STATE OF FLORIDA,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 5, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Caroline K. Belt appeals from the district court's order granting the Alabama Historical Commission's motion for summary judgment. We affirm.

On June 24, 2004, Belt filed suit against the Alabama Historical Commission, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The Commission filed a motion for summary judgment, contending that Belt had failed to set forth a prima facie case for retaliation. The district court granted the motion, holding that Belt had failed to create a genuine issue of material fact that she had suffered an adverse employment action. On appeal, Belt argues that the district court erred because she presented evidence that she experienced a significant removal of job duties after giving a deposition in a previous lawsuit alleging racial discrimination against the Commission. Based on this, she argues that she created a genuine issue of material fact that she had suffered an adverse employment action.

We review de novo a district court's grant of a motion for summary judgment. Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227, 1230 (11th Cir. 2006). "Summary judgment is properly granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Dibrell Bros. Int'l, S.A. v. Banca Nazionale del Lavoro, 38 F.3d

2

1571, 1578 (11th Cir. 1994).  We consider the evidence in the light most favorable

to the non-moving party.  Id.

To establish a prima facie case of retaliation Belt must prove that:  (1) she

engaged in a protected activity; (2) she suffered an adverse employment action;

and (3) there was a causal link between the protected activity and the adverse

employment action.  Stavropoulos v. Firestone, 361 F.3d 610, 616 (11th Cir.

2004); Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1180 (11th Cir. 2003).

Although Belt's burden in proving a prima facie case is "light," summary judgment

against her is appropriate if she fails to satisfy any one of the elements of a prima

facie case.  Shotz, 344 F.3d at 1180.

The question here is whether Belt suffered an adverse employment action,

the second element of the prima facie case.  An employment action is adverse

when it "results in some tangible, negative effect on the plaintiff's employment"

through "a serious and material change in the terms, conditions or privileges of

employment . . . as viewed by a reasonable person in the circumstances.  Shotz,

344 F.3d at 1181–82 (emphasis in original).  In determining whether an adverse

employment action has occurred, we consider the "totality of the alleged reprisals."

Wideman v. Wal-mart Stores, Inc., 141 F.3d 1453, 1456 (11th Cir. 1998).  "In the

vast majority of instances . . . an employee alleging a loss of prestige on account of

3

a change in work assignments, without any tangible harm, will be outside the protection afforded by Congress in Title VII's anti-discrimination clause." Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1245 (11th Cir. 2001).

The Commission made some minor changes to Belt's job duties, including requiring that she provide her ferry and fort admission reports to her supervisor rather than transmit them directly to the Montgomery office and temporarily removing her duty to order gift shop inventory. The evidence, viewed in the light most favorable to Belt, however, shows that the vast majority of her duties remained the same or substantially the same. Belt continued to oversee inventory in the gift shop, prepare ferry and fort admission reports, and act as a liaison to the public. Likewise, her job title, salary, work hours, and benefits did not change. We therefore conclude that Belt has suffered no tangible harm through a serious and material change in the terms, conditions or privileges of employment. See Shotz, 344 F.3d at 1181–82. Because Belt has not created a genuine issue of material fact that she suffered an adverse employment action, she has failed to satisfy this element of a prima facie case of retaliation under Title VII. Accordingly, the district court did not err in granting the Commission's motion for summary judgment.

**AFFIRMED.**

4