[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11453
Non-Argument Calendar

_____

D. C. Docket No. 04-01163-CV-F-N

TERESSA JAMES,

Plaintiff-Appellant,

versus

STATE OF ALABAMA DEPARTMENT OF REVENUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 31, 2006)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Teressa James, proceeding pro se, appeals the district court's grant of

summary judgment in her employment discrimination action filed against the

Alabama Department of Revenue ("ADOR"), in which she alleged both that she

was discriminated against on the basis of her race and that she was retaliated

against for filing discrimination charges in 1990 and 1995. For the reasons that

follow, we affirm.

## I. Background

James's complaint alleged the following: She worked for ADOR as a leave

clerk responsible for employees' leave time in the Individual and Corporate Tax

Division. In August 2003, Charlie Lassiter, the director of Human Resources,

accused James of making errors in her leave entries and requested that James's

access be limited to only seven employees in the division. James asserted that

Lassiter's accusations were false and that Lassiter was retaliating against her for

the discrimination complaints she had filed against ADOR in 1990 and 1995.[1]

ADOR moved for summary judgment, attaching, among other things,

Lassiter's affidavit, in which Lassiter denied acting in retaliation for any previous

discrimination allegations. Lassiter's affidavit explained that the human resources

---

[1] James's 1990 charge alleged that she had been discriminated against on the basis of her race when she was removed from her position and given another job. She ultimately reached a settlement with ADOR and was returned to her position. In 1995, she again raised a charge of discrimination and received a right to sue letter. She did not file a complaint for over two years, however, and the court dismissed the complaint as untimely.

department is responsible for maintaining personnel information, including leave forms and time and attendance. As a leave clerk, James was responsible for preparing employees' leave request information and then submitting it to human resources. Prior to 2003, this was done manually in each division of ADOR. In 2003, ADOR adopted an automated Leave Track System ("LTS") and provided training to leave clerks in how to use the new system. Lassiter explained that the leave clerk's job is time-sensitive and that errors result in overpayment or underpayment to employees.

Lassiter stated that following the adoption of LTS, human resources received incorrect entries from James and that there were continuous problems with James's LTS entries, and Lassiter requested that James's access be limited. Lassiter explained that, although she was aware that James had filed complaints in 1990 and 1995, she did not remember the complaints until she refreshed her memory in connection with this litigation. She denied that she acted to discredit, discriminate against, or retaliate against James.

In her response to ADOR's summary judgment motion, James argued that she suffered an adverse employment action because she was reprimanded and the access restriction interfered with her job performance, thereby affecting her status as an employee.

3

The district court granted summary judgment in favor of ADOR, finding that: (1) the allegations relating to James's restricted access were timely; (2) James had not exhausted her claims of racial discrimination because she did not include the allegation in her EEOC charge; and (3) James failed to make a prima facie showing of retaliation because the restricted access did not reach the level of substantiality necessary to establish an adverse employment action, as it had no significant effect on the job.

## II. Discussion

James contends that the district court made factual errors, failed to view the facts in the light most favorable to her, and misapplied the law to the facts. She also contends that she made out a prima facie case of retaliation and that ADOR's stated reasons for restricting her access were pretextual.[2]

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. Skrtich v. Thorton, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

---

[2] Because James does not argue that the district court erred in finding her claim of race discrimination untimely or unexhausted, she has abandoned that claim. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998). Therefore, we include no further discussion of that claim in this opinion.

4

Under Title VII, "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because . . . [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Because James alleges a retaliation claim based on circumstantial evidence, the burden shifting framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies. Hulbert v. St. Mary's Health Care System, Inc., 439 F.3d 1286, 1297 (11th Cir. 2006).

To establish a prima facie case of retaliation, the plaintiff must show that: (1) she engaged in statutorily protected activity; (2) she was subjected to retaliatory action by her employer;[3] and (3) there is a causal connection between the protected activity and the alleged retaliatory action. See id. If the plaintiff makes out a prima facie case, the burden shifts to the defendant to articulate a legitimate reason for the adverse action. Id. If the defendant does so, the plaintiff must then show

_____

[3]The Supreme Court recently addressed the retaliatory act element of a Title VII retaliation claim in Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. —, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). The Court rejected the standards applied in this and other Circuits by holding that "the scope of [Title VII's] anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm" and therefore, "is not limited to discriminatory actions that affect the terms and conditions of employment." Id. at 2412-14. Accordingly, a plaintiff need not show that she suffered an "adverse *employment* action" affecting the terms and conditions of employment (which was this Circuit's pre-Burlington Northern retaliatory act standard), but must show that her employer subjected her to actions "a reasonable employee would have found materially adverse." Id. at 2414.

5

that the defendant's proffered reason for the adverse action is pretextual. Id.

To satisfy the causal connection requirement, a plaintiff must establish that the protected activity and the alleged retaliatory action are not completely unrelated. Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1457 (11th Cir. 1998). The cases accepting mere temporal proximity between an employer's knowledge of protected activity and the employer's Hulbert, 439 F.3d at 1297. alleged retaliatory action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close. Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001). The Supreme Court has cited with approval decisions in which a three to four month disparity was found to be insufficient to establish a causal connection. See id. (citing Richmond v. ONEOK, 120 F.3d 205, 209 (10th Cir. 1997); Hughes v. Derwinski, 967 F.2d 1168, 1174-75 (7th Cir. 1992)). If there is a substantial delay between the protected expression and the alleged retaliatory conduct, then, in the absence of other evidence tending to show causation, the complaint fails as a matter of law. Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004).

Here, the district court found that as a matter of law, restricting James's access did not reach the necessary level of substantiality to satisfy the retaliatory act element of the prima facie case. James, however, challenges this conclusion.

We need not address this challenge because, whether or not James satisfied the retaliatory act element, summary judgment was still proper because James failed to establish the requisite causal connection.[4]  James's prior discrimination complaints occurred in 1990 and 1995, both significantly before the alleged retaliatory conduct in 2003.  Thus, there was insufficient temporal proximity to establish the requisite causation.  Moreover, although Lassiter conceded that at some point she had known about James's prior complaints, she averred that she had no recollection of those complaints at the time she restricted James's access.  Nor has James offered any other evidence that Lassiter's actions were caused by James's prior complaints.  Therefore, James has failed to establish a prima facie case of retaliation under Title VII.

Accordingly, for the foregoing reasons, we AFFIRM the district court's grant of summary judgment.

---

[4] This court may affirm on any adequate grounds even if those grounds differ from the district court's.  Parks v. City of Warner Robins, 43 F.3d 609, 613 (11th Cir. 1995).