[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-17224
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 20, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-22170-CV-DLG

MICHAEL NETTLES,

Plaintiff-Appellant,

versus

LSG SKY CHEFS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 20, 2006)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Michael Nettles appeals the district court's grant of summary judgment in favor of his former employer, LSG Sky Chefs (LSG), in his action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and 42 U.S.C. § 1981. Nettles, an African American, asserts LSG discriminated against him and harassed him based on his race, and then retaliated against him after he complained of the discriminatory and harassing behavior. On appeal, Nettles contends the district court erred in granting summary judgment on his race discrimination and retaliation claims because LSG's actions separately and collectively rose to the level of adverse employment actions or amounted to a constructive discharge, and on his harassment claim because LSG's conduct collectively amounted to an abusive working environment.[1]

We review a district court's grant of summary judgment *de novo*, and view all the evidence in the light most favorable to the nonmoving party. *Maniccia v. Brown*, 171 F.3d 1364, 1367 (11th Cir. 1999). The same *prima facie* case standards apply to Title VII and § 1981 discrimination claims. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). To establish a *prima facie* case of discrimination, a plaintiff must show: (1) he is a member of a

---

[1] Because we find that Nettles did not establish a *prima facie* case of employment discrimination, we do not address his argument on appeal regarding pretext.

protected class; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class or was treated less favorably than a similarly situated individual outside the protected class. *Maynard v. Bd. of Regents of the Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003). To establish a *prima facie* case of retaliation, a plaintiff must show: (1) he engaged in protected activity; (2) his employer was aware of that activity; (3) he suffered an adverse employment action; and (4) the action was causally related to the protected activity. *Maniccia*, 171 F.3d at 1369. "An adverse employment action is an ultimate employment decision, such as discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.'" *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000) (citation omitted). Conduct that falls short of an ultimate employment decision must meet "some threshold level of substantiality" in order to be actionable. *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1456 (11th Cir. 1998). "A constructive discharge occurs when a discriminatory employer imposes working conditions that are 'so intolerable that a reasonable person in [the

3

employee's] position would have been compelled to resign.'" *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003) (citation omitted).

Nettles put forth the following evidence to show he suffered adverse employment actions: (1) LSG undermined his authority in front of customers, peers, and subordinates; (2) LSG excluded him from a business meeting with LSG chairman Hans Rech and denied Nettles the opportunity to make a presentation at a meeting; (3) LSG denied administrative support for his staff trip to Puerto Rico; (4) LSG evaluated him as "Fully Meets Expectations" rather than "Fully Exceeds Expectations;" and (5) LSG offered him the position of Northeast Sector Vice President on terms and conditions less favorable than those offered to other Vice Presidents. After a review of the record, we conclude that none of these actions, either separately or collectively, meet the threshold level of substantiality needed to show an adverse employment action or a constructive discharge. Nettles' failure to show he suffered an adverse employment action is fatal to both his discrimination and retaliation claims.

To establish a *prima facie* case of harassment, a plaintiff must show that: (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the

terms and conditions of employment and create a discriminatory abusive working environment; and (5) the employer is responsible for such environment under either a theory of vicarious or direct liability. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc).

Nettles claims his direct superior, Dennis Mancini, harassed him by undermining him, disagreeing with him, denying him training, and unfavorably comparing minority staff members with non-minority staff members. After a review of the record, we conclude there is no evidence any of these actions were motivated by race. The only race-related statements Nettles alleges were not directed at Nettles and were made outside of Nettles' presence. Nettles' failure to show any of these actions were motivated by his race is fatal to his harassment claim.

Nettles is unable to establish a *prima facie* case of discrimination, retaliation, or harassment. The district court did not err in granting summary judgment.

**AFFIRMED.**