[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16127
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00846-CV-ODE-1

NANCY SCHECHTER,

                                                            Plaintiff-Appellant,

versus

GEORGIA STATE UNIVERSITY,

                                                            Defendant,

BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF
GEORGIA,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 12, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Nancy Schechter, a white female, appeals the grant of summary judgment to the Board of Regents of the University of Georgia System as to her complaint alleging gender discrimination, a hostile work environment, disparate treatment and retaliation, pursuant to Title VII, 42 U.S.C. § 2000e, et seq., arising out of her employment at Georgia State University ("GSU"). On appeal, she argues that: (1) in general, summary judgment was improper because material facts were in dispute; (2) her employment contract was not renewed as retaliation for her filing of a grievance complaint with the Georgia Commission on Equal Opportunity ("GCEO"); and (3) forcing plaintiffs to present proof beyond a reasonable doubt before a jury can rule on the case makes the right to a jury trial illusory. After careful review, we affirm.

We review "de novo a district court's grant of summary judgment, applying the same legal standards as the district court." Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). A court shall grant summary judgment when the evidence before it shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Questions of constitutional law are reviewed de novo. Pleasant-El v. Oil Recovery Co., 148 F.3d 1300, 1301 (11th Cir. 1998).

First, we are unpersuaded by Schechter's general claim that summary judgment was improper because material facts were in dispute. Rule 56 mandates the entry of summary judgment, upon motion, against a party who fails to make a showing sufficient to establish an element essential to his case on which he bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).

As the record here shows, the district court did not err in finding that there were no genuine issues of material fact. Indeed, even on appeal, Schechter has failed to identify disputed findings that present genuine issues of material fact. Although Schechter asserts that there was a factual dispute as to whether she claimed gender discrimination during the grievance process, for the sake of the defendant's motion for summary judgment, the defendant specifically assumed to be true Schechter's assertion that she complained to the dean in December 2004 about gender discrimination. Moreover, for purposes of the report and recommendation ("R&R"), which the district court adopted in full, the magistrate also assumed that Schechter's assertion was true. Because Schechter has failed to

3

identify disputed findings that present genuine issues of material fact, the district court did not err in finding there was no genuine issue of material fact for trial.

Next, we find no merit in Schechter's argument that she established that her employment contract was not renewed in retaliation for her filing of a grievance complaint with the GCEO. To establish a prima facie case of retaliation, the plaintiff must show that: (1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment decision. Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." Gupta v. Florida Bd. of Regents, 212 F.3d 571, 590 (11th Cir. 2000) (quotations and alterations omitted), abrogated on other grounds by Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006). A close temporal proximity between the protected expression and an adverse action is sufficient circumstantial evidence of a causal connection for purposes of a prima facie case. See Farley v. Nationwide Mut. Ins., 197 F.3d 1322, 1337 (11th Cir. 1999). We have held that a period as much as one month

4

between the protected expression and the adverse action is not too protracted. See Wideman v. Wal-Mart Stores, 141 F.3d 1453, 1457 (11th Cir. 1998).

Because Schechter did not establish a causal relation between her protected activity and the non-renewal of her contract for the 2006/2007 academic year, she has failed to establish a prima facie case of retaliation. As for Schechter's December 2004 oral complaint to the dean of gender discrimination, she cannot establish causation, due to the five-month gap in time between her complaint and her May 2005 negative evaluation. See Gupta, 212 F.3d at 590; see also Higdon v. Jackson, 393 F.3d 1211, 1221 (11th Cir. 2004) (finding that, by itself, a three-month period between the protected activity and the adverse employment action was insufficiently close to establish causal relation); Wascura v. City of S. Miami, 257 F.3d 1238, 1244-45 (11th Cir. 2001) (finding a three-and-a-half-month gap, by itself, was insufficient to show causation). Moreover, GSU's negative evaluations of Schechter's job performance -- including the renewal of her contract with "serious reservations" in July 2004 -- predated her December 2004 oral complaint. See Drago v. Jenne, 453 F.3d 1301, 1308 (11th Cir. 2006) (holding that the plaintiff could not show the causation element where the employer had considered demoting the employee for poor performance before his protected activity).

Similarly, Schechter cannot show causation with regard to her filing the GCEO complaint on May 25, 2005, or her later Equal Employment Opportunity Commission ("EEOC") complaint on January 26, 2006. In her deposition, Schechter confirmed that her May 2005 annual evaluation, on which her non-renewal was based, was dated May 13, 2005, <u>before</u> she filed a complaint with the GCEO on May 25, 2005. The later EEOC complaint, dated January 26, 2006, also could not have been the cause of termination because it was also filed after her May 2005 evaluation. Consequently, the district court did not err in granting summary judgment with respect to Schechter's retaliation claim.

We also reject Schechter's claim, relying on the Sixth Circuit's decision in <u>White v. Baxter Healthcare Corp.</u>, 533 F.3d 381 (6th Cir. 2008), to abandon the <u>McDonnell Douglas</u> framework, that her right to a jury trial was eliminated. We recognize that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. In addition, the Civil Rights Act of 1991 amended Title VII by creating a right to trial by jury. <u>See</u> 42 U.S.C. § 1981a(a)(1) & (c); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17; <u>Goodgame v. Am. Cast Iron Pipe Co.</u>, 75 F.3d 1516, 1518 (11th Cir. 1996). Nonetheless, a "district court may grant summary judgment where the material facts concerning a

claim cannot reasonably be disputed." Garvie v. City of Ft. Walton Beach, 366 F.3d 1186, 1190 (11th Cir. 2004) (citing Fed.R.Civ.P. 56(c)). Thus, "[e]ven though [Rule 56(c)] technically prevents the parties from having a jury rule upon those facts, there is no need to go forward with a jury trial when the pertinent facts are obvious and indisputable from the record; the only remaining truly debatable matters are legal questions that a court is competent to address." Id.

As discussed above, the district court was correct in awarding the defendant summary judgment on Schechter's claims, and, therefore, the court did not violate her Seventh Amendment right because no issue of material fact existed for a jury to resolve. See id. In addition, the Sixth Circuit case cited by Schechter is a nonbinding case holding that the McDonnell Douglas framework does not apply to mixed-motive claims. See White, 533 F.3d at 395-96. Yet Schechter does not allege that her case is a mixed motive case. For these reasons, the district court did not err in granting summary judgment.[1]

**AFFIRMED.**

---

[1] Lastly, because Schechter did not brief the issues of her hostile work environment and disparate treatment claims and does not even mention the elements required to establish a prima facie case, she has abandoned these claims on appeal and failed to show error in the court's findings concerning a prima facie case as to either claim. See Fed.R.App.P. 28(a)(9)(A) (stating that the argument of an appellant's brief must contain "appellant's contentions and the reasons for them"); see also Perera v. U.S. Fidelity & Guar. Co., 544 F.3d 1271, 1277 n.4 (11th Cir. 2008) (concluding that a brief must be sufficiently precise to alert the court to the party's argument); Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (holding that issues not briefed on appeal are considered abandoned).