[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2010
JOHN LEY
CLERK

_____

No. 09-12569
Non-Argument Calendar
_____

D. C. Docket No. 07-20592-CV-1-MGC

ALMYR GUIMARAES,

Plaintiff-Appellant,

versus

NORS, ET AL.,

Defendant-Appellee,

DANIEL CLAPP,
Pres,
LUIS MONTENEGRO,
VP,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 16, 2010)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Almyr Guimaraes, a man over 40 years of age, appeals *pro se* the grant of summary judgment to his former employer on his claims of failure to promote and disparate treatment, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. On appeal, he argues that the district court erred by granting summary judgment for NORS prematurely, because there were pending motions against NORS based on discovery abuses. He also argues that the district court abused its discretion in denying his motions for sanctions based on NORS's failure to comply with discovery requests. He contends that the district court erred in granting summary judgment for NORS on his disparate-treatment claim because it erroneously found that he did not suffer an adverse employment action by being moved to an isolated cubicle and that he could not show that NORS's stated reason for the move—complaints by female co-workers about his behavior—was pretextual. Finally, he argues that the district court erred in granting summary judgment on his failure-to-promote claim because, contrary to the district court's findings, there were vacancies open, and he was qualified for a promotion.

I.

"We review a district court's discovery orders and evidentiary rulings for abuse of discretion." *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1338 (11th Cir. 2001). A party must show substantial harm to its case from the denial of requests for additional discovery. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000). *Pro se* pleadings are to be construed liberally. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Federal Rule of Civil Procedure 56 governs motions for summary judgment. The rule states that a defending party may move for summary judgment at any time, but the motion must be served at least ten days before the day set for hearing. Fed. R. Civ. P. 56(c). We have held that the rule requires a court to give ten days' advance notice to parties when it takes a motion for summary judgment under advisement. *See Burns v. Gadsden State Cmty. Coll.*, 908 F.2d 1512, 1516 (11th Cir. 1990). Under Rule 56(f), a party may move for a continuance to conduct additional discovery to respond to a motion for summary judgment. *See Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1327 n.6 (11th Cir. 2006); Fed. R. Civ. P. 56(f).

In *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1990), we considered whether the district court erred in granting the defendant's motion for summary judgment without permitting the plaintiff to obtain relevant

3

discovery. While a motion to compel production of records was pending, the district court granted the motion for summary judgment and denied the motion to compel as moot. *Id.* We held that, where the plaintiff informed the court that the defendant had not produced documents that were relevant to the disposition of the motion for summary judgment and the case, the district court erred in not ruling on the motion to compel before granting summary judgment. *Id.* at 570-71.

In *Leigh*, a trademark and copyright-infringement case, the plaintiff argued that the district court abused its discretion in granting summary judgment without allowing him to conduct additional discovery. 212 F.3d at 1219. We held that reversal of a grant of summary judgment was inappropriate where the additional discovery sought either already was possessed by the plaintiff—in that case, evidence to establish that the photograph was trademarked—or could not counter the showing that there was a substantial dissimilarity between the plaintiff's photograph and the defendant's work. *Id.* at 1219.

The record here demonstrates that Guimaraes had sufficient opportunity to conduct discovery, he did not move for a continuance, and NORS substantially complied with discovery orders. Additionally, Guimaraes has not shown substantial harm, because he either possessed the requested discovery or the discovery would not have changed the outcome of the case.

II.

A district court's ruling on a motion for sanctions is reviewed for abuse of discretion. *SCADIF, S.A. v. First Union Nat'l*, 344 F.3d 1123, 1130 (11th Cir. 2003).

Under Rule 11, a party may move for sanctions in some situations, but the rule explicitly states that it "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed.R.Civ.P. 11(d). Under Rule 16(f), a court may impose sanctions if a party or its attorney violates a scheduling or other pretrial order, including a discovery order. Fed.R.Civ.P. 16(f)(1)(C). We have upheld the denial of sanctions where the non-moving party had not timely produced documents but the documents in question were "of minimal relevance." *SCADIF*, 344 F.3d at 1130. We have held that "district courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction" under Rule 16. *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003). Pursuant to Rule 26(g), a court may impose sanctions for discovery objections that are frivolous or submitted with an improper purpose, such as causing unnecessary delay or to harass. Fed.R.Civ.P. 26(g)(1)(B).

Because the record demonstrates that NORS substantially complied with

5

discovery orders, we conclude that the district court did not abuse its discretion in declining to impose sanctions.

III.

"We review a grant of summary judgment *de novo*." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004). Summary judgment should be granted if evidence, viewed in a light most favorable to the non-movant, shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Wilson*, 376 F.3d at 1085. "A mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay*, *Fla.*, 358 F.3d 859, 860 (11th Cir. 2004).

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

A three-step burden-shifting analysis is applied to evaluate discrimination claims based on circumstantial evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25, 36 L. Ed. 2d 668 (1973). First, the plaintiff must establish a *prima facie* case of discrimination, which, if met, creates

6

a rebuttable presumption of unlawful discrimination. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*) (citation omitted). Second, if a *prima facie* case is established, the burden shifts to the employer to present a legitimate, non-discriminatory reason for the employment action. *Id.* Third, the plaintiff may then present evidence sufficient to permit a factfinder to conclude that the employer's proffered reason is not the real reason for the action. *Id.* A plaintiff may do so by either directly "persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005). "The district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation marks omitted). We have applied the burden-shifting analysis from *McDonnell Douglas* to claims under the ADEA based on circumstantial evidence. *Chapman*, 229 F.3d at 1024.

In *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003), we held that a plaintiff may establish a *prima facie* case of disparate

treatment by showing that (1) she was a member of a protected class, (2) she was subjected to an adverse job action, (3) her employer treated similarly-situated employees outside her class more favorably, and (4) she was qualified to do her job. The methods of establishing a *prima facie* case "are not fixed; they are flexible and depend to a large degree upon the employment situation." *Wilson*, 376 F.3d at 1087. We have typically required a showing of causality in harassment and retaliation cases, rather than disparate-treatment cases. *See, e.g., Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1028 (11th Cir. 2008) (harassment); *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998) (race-based retaliation). To constitute an adverse employment action, "the employer's action must impact the 'terms, conditions, or privileges' of the plaintiff's job in a real and demonstrable way" and must be a "serious and material change in the terms, conditions, or privileges of employment." *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001) (emphasis omitted).

We conclude from the record that the district court did not err in finding that NORS's movement of Guimaraes to a cubicle farther away from other employees was not an adverse employment action. We also conclude that Guimaraes has failed to show that NORS's stated reason for the move—complaints from female co-workers—is unworthy of credence or not the real reason for the move.

8

IV.

A plaintiff may establish a *prima facie* case of discrimination based on failure to promote by showing that: (1) he belonged to a protected class; (2) he was qualified for and applied for a position; (3) despite qualifications, he was rejected; and (4) the position was filled with an individual outside the protected class. *See Springer v. Convergys Customer Mgmt. Group Inc.*, 509 F.3d 1344, 1348 n.2 (11th Cir. 2007) (racial-discrimination case); *Ramsey v. Chrysler First, Inc.*, 861 F.2d 1541, 1543 (11th Cir. 1988) (ADEA failure-to-promote case).

The Supreme Court noted in *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n.44, 97 S. Ct. 1843, 1866 n.44, 52 L. Ed. 2d 396 (1977), that, under *McDonnell Douglas*, a plaintiff must "demonstrate at least that his rejection did not result from the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications or *the absence of a vacancy in the job sought*." (emphasis added).

Based on our review of the record, we conclude that Guimaraes has not demonstrated that he applied for a promotion–because there were no positions available–or that NORS's stated reason for not promoting him—because there was nowhere to promote him—was pretextual.

V.

9

For the aforementioned reasons, we affirm the district court's grant of summary judgment and its orders.

**AFFIRMED.**