[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 24, 2010
JOHN LEY
CLERK

No. 10-12786
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-00071-JRH-WLB

LANA PARKER,

Plaintiff-Appellant,

versus

BOARD OF EDUCATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 24, 2010)

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Lana Parker, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of her employer, the County Board of Education of Richmond County, Georgia, (Board) in her retaliation suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Parker asserts the district court erred in granting summary judgment as to her claim that the Board directed employees to physically abuse, intimidate, and harass her in retaliation for filing discrimination claims with the Equal Employment Opportunity Commission (EEOC) in 2003 and 2004. After review, we affirm.[1]

To establish a *prima facie* case of retaliation under Title VII, a plaintiff can show "(1) [s]he engaged in statutorily protected activity; (2) [s]he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the [materially] adverse action." *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010) (citation omitted).

Assuming, arguendo, Parker can establish the first two prongs, she can offer no evidence to establish the third element of her prima facie case. The only evidence Parker offered on this issue was in her response to the Board, in which she stated that it seemed as though her co-workers who touched her were

---

[1]"We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). The district court's factual findings, however, warrant review for clear error only. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010).

"following orders." This bald assertion lacks evidentiary value, as she had no basis to form this opinion. Moreover, this statement failed to show any causal relationship between a protected activity and the adverse action.

Additionally, there was no temporal relationship between the statutorily protected activity of filing an EEOC charge and the allegedly adverse series of batteries by co-workers. The earliest battery alleged in Parker's affidavits occurred in January 2008 when Linda Ware "hit [Parker] twice in the office." Prior to the EEOC charge leading to this case, Parker filed her most recent EEOC charge on April 2, 2004 and her most recent lawsuit on July 13, 2007. Her most recent EEOC charge occurred 44 months prior to the earliest battery for which evidence was provided. Her most recent lawsuit occurred approximately 6 months prior to any battery for which evidence was provided. We have held that a 3-month delay between a protected activity and an adverse action did not establish temporal proximity. *See Wideman v. Wal-Mart Stores*, 141 F.3d 1453, 1457 (11th Cir. 1998); *Thomas v. Cooper Lighting*, 506 F.3d 1361, 1364 (11th Cir. 2007). As there is no other evidence tending to show a causal relationship, prima facie element three fails as a matter of law. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004).

**AFFIRMED.**