Mariamar MASSO, Plaintiff,

v.

MIAMI–DADE COUNTY, Defendant.

No. 06–20904–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 20, 2006.

Gary A. Costales, Esq., Miami, FL, for Plaintiff.

Murray A. Greenberg, County Attorney, Scott B. Mario, Assistant County Attorney, and William X. Candela, Assistant County Attorney, for Defendants.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgement (**D.E. No. 15**), filed on *August 18, 2006*. Plaintiff responded on *September 11, 2006*.

### Background

On April 2, 2006, Plaintiff Mariamar Masso filed a Complaint against Miami–Dade County, alleging that the Miami–Dade Police Department ("MDPD") retaliated against her when it refused to hire

her as a police dispatcher or police complaint officer, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Florida Civil Rights Act, Fla. Stat. § 760.10 ("FCRA").[1]

In April of 2004, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") against a former employer, New World Symphony.

Also in April of 2004, Plaintiff Mariamar Masso applied for a position as a police dispatcher/police complaint officer with the MDPD.

The first step in the application process is the completion of a personal history questionnaire ("Questionnaire"). All applicants must swear or affirm that their Questionnaire answers are true and correct. The Questionnaire states that if the investigation of the applicant discloses "misrepresentations, falsifications or omissions, the applicant will be rejected ...."

Once the Questionnaire is completed, a background investigator verifies the applicant's answers and submits fact findings in a summary to a sergeant. The sergeant then conducts his own independent review of the file and determines whether the applicant should be approved. The file and recommendation are then forwarded to the captain. The captain independently analyzes the file and then forwards the file and his recommendation to the commander. The commander then reviews the file and makes a recommendation to the Assistant Director. The Assistant Director then receives the file and previous recommendations, conducts an independent review of the file and decides whether the applicant will be approved.

Masso submitted her Questionnaire on June 14, 2004. In response to question 25(d), which asks "Have your employers always treated you fairly?" she answered "no," and provided the following explanation:

Presently, I had to file a charge of discrimination against work because they wanted me to sign a memo stating that after 5 years of working there they could not guarantee me my position or any position.

Following the submission of the Questionnaire, Background Investigator Bush-Coleman was assigned to conduct a background investigation on Masso's application. On June 14, 2004, Bush-Coleman interviewed Masso. Masso informed Bush-Coleman that she was discharged because she was pregnant and that she had filed a discrimination charge with the EEOC against her former employer. She was asked to submit documentation of this claim, but refused because she was concerned that doing so would violate a confidentiality settlement agreement with her former employer. In October of 2004, Masso was again asked to provide documentation of the EEOC charge. Masso again refused.

On December 3, 2004, Bush-Coleman interviewed Masso a second time to gather information regarding her employment history. Masso still would not respond to questions about her employment history because of the confidentiality agreement. On December 7, 2004, Bush-Coleman obtained a copy of Masso's discrimination charge from the Miami Dade Equal Opportunity Board ("EOB"). In it, she stated that she filed a discrimination charge because:

Of my sex female (pregnancy). I informed the above named employer around October 1, 2003, that I was preg-

---

1. Plaintiff's FCRA retaliation claim set forth in Count II of the Complaint is analyzed under the same standards as a Title VII claim.

*Tippie v. Spacelabs Medical, Inc.,* 180 Fed. Appx. 51, 2006 WL 1130809 *4, n. 1 (11th Cir.2006).

nant. I am now being harassed and excluded from meetings. I am no longer allowed to make up my time whereas before it was approved.

On March 14, 2005, Masso was informed by Commander Valdes that her application was rejected due to the background investigation. After comparing Masso's answer to 25(d) of the Questionnaire to the EEOC complaint, Bush–Coleman determined that two were inconsistent. In her investigative narrative she stated that conclusion, and recommended that "based upon applicant's failure to comply with departmental standards in addition to falsifying the Personal History Questionnaire she is not recommended for hire." Her application was subsequently independently reviewed and rejected by two other officials. Each stated that the reason for the rejection was the discrepancy between the Questionnaire answer and the charge of discrimination.

## Legal Standard

### Summary Judgment

Summary judgment is authorized when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the party opposing the motion, who must set forth specific facts and establish the essential elements of his case on which he will bear the burden of proof at trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings." Fed.R.Civ.P. 56(c).

### Title VII Retaliation

Title VII prohibits retaliation by an employer against an employee or appli-

cant because that person "has opposed . . . an unlawful employment practice . . . or because he has made a charge . . . under this subchapter" 42 U.S.C. § 2000e–3(a). To establish a *prima facie* case of retaliation, plaintiff must establish that there was (1) participation in a statutorily protected action; (2) an adverse employment action; and (3) a causal link between the protected actions and the adverse employment decision. *Gupta v. Florida Bd. of Regents,* 212 F.3d 571 (11th Cir.2000). The filing of an EEOC charge is a statutorily protected activity. *See, e.g., Wideman v. Wal–Mart Stores, Inc.,* 141 F.3d 1453, 1455 (11th Cir.1998). An adverse employment action is an ultimate employment decision, including the failure to hire. *Gupta,* 212 F.3d at 587. To establish the required causal link, the plaintiff need only show "that the protected activity and the adverse action are not completely unrelated." *Wideman,* 141 F.3d at 1457 (citation omitted). Causation may be shown by presenting evidence that the employer, or person taking the adverse action, knew of the protected action. *Id.*

A plaintiff may establish a *prima facie* case by either direct or circumstantial evidence. *See Schoenfeld v. Babbitt,* 168 F.3d 1257, 1266 (11th Cir.1998). Under Eleventh Circuit precedent, "only the most blatant remarks, whose intent could mean nothing other than to retaliate on the basis of an impermissible factor constitute direct evidence of retaliation." *Ward v. Univ. of Cent. Florida Bd. of Trustees,* 2006 WL 1119191, *4 (M.D.Fla. April 26, 2006) (citation omitted). Where a plaintiff presents direct evidence, summary judgment is inappropriate. *Id* at *5.

Where a plaintiff presents only circumstantial evidence of retaliation, however, Title VII's burden shifting standard applies. Once the plaintiff establishes a *prima facie case,* it creates a presumption of retaliation. The burden then shifts to

the defendant to rebut the presumption of retaliation by providing a legitimate, non-discriminatory reason for the adverse employment action. If the defendant can do so, the presumption of retaliation disappears, and the plaintiff must show that the employer's proffered reasons for taking adverse action were merely pretextual. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Summary judgment in favor of the employer is proper where the plaintiff does not offer sufficient evidence to establish a genuine issue of material fact as to whether the employer's reasons were pretextual. *Cuddeback v. Florida Bd. of Educ.* 381 F.3d 1230, 1235 (11th Cir.2004).

A plaintiff is not allowed to recast an employer's proffered legitimate reason, or to substitute his business judgment for that of the employer. If the given reason is one that may motivate a reasonable employer, the plaintiff cannot succeed simply by quarreling with the wisdom of that reason. *Chapman v. Al Transport,* 229 F.3d 1012, 1030 (11th Cir. 2000). The court will not sit as a "super-personnel department;" nor will it judge whether an employment decision is prudent or fair. *Damon v. Fleming Supermarkets of Fla. Inc.,* 196 F.3d 1354, 1361 (11th Cir.1999). Simply put, a court will not second guess the business judgment of the employer. *Chapman,* 229 F.3d at 1030. In the Eleventh Circuit, "an employer may refuse to hire an employee for good reasons, bad reasons, reasons based on erroneous facts, or for no reason at all, as long as its actions are not based on discriminatory purposes." *Lewis–Webb v. Qualico Steel Co. Inc.,* 929 F.Supp. 385, 391 (M.D.Ala.1996) (citing *Nix v. WLCY Radio/Rahall Communications,* 738 F.2d 1181, 1187 (11th Cir.1984)).

### Analysis

Here, Plaintiff Masso does not present, nor does she assert that she presents any direct evidence of retaliation. She does not offer any statement by any person showing intent to retaliate on an impermissible basis. She presents only circumstantial evidence of retaliation; therefore, the Court must determine whether she has established a *prima facie* case.

### Defendant MDPD's decision regarding Plaintiff Masso

The Court presumes, for purposes of this analysis, that Plaintiff has offered sufficient circumstantial evidence to establish a *prima facie* case of retaliation: (1) Masso engaged in a protected activity by filing an EEOC charge against New World Symphony; (2) MDPD did not hire Masso; and (3) Masso has stated that MDPD's decision was related to her prior filed EEOC charge.

### MDPD has offered a legitimate non-discriminatory reason

MDPD asserts that the decision not to hire Plaintiff Masso was based upon the inconsistency between the answer to question 25(d) of the Questionnaire and the narrative in the discrimination charge against New World Symphony. This is the reason stated by Bush–Coleman in her investigative narrative report. The inconsistency is also the reason stated by the Lieutenant and by the Assistant Director for rejecting Masso as an applicant, who both made independent determinations not to hire Plaintiff. All three decisionmakers determined that a review of Masso's charge narrative revealed no mention of a statement by New World Symphony directing her to sign a memorandum relating to her employment. Further, the Assistant Director stated that there was no other reason he decided not to recommend Masso for hire.

The fact that three separate individuals reviewed the Questionnaire and determined that there was an inconsistency between her answer and the charge narrative constitutes a legitimate non-retaliatory reason for MDPD's decision not to hire Masso.

### Masso has not rebutted MDPD's legitimate non-discriminatory reason

Masso advances several speculative arguments in attempt to rebut MDPD's stated reason not to hire her.

First, Masso argues that it is not clear that there is a discrepancy between her answer to question 25(d) of the Questionnaire and her discrimination charge narrative. She argues that the MDPD interpreted the documents in an overly technical manner, and such an interpretation could lead a fact-finder to "disbelieve the reason articulated by the County for its decision not to hire Masso." *Response*, p. 13. This argument does not establish pretext. Specifically, it does not show that the stated reason for Masso's non-hire was false. There is no dispute that the answer to the Questionnaire and the allegations in the charge narrative are at least facially inconsistent. Masso offers no concrete evidence that MDPD's reason is pretextual; she merely speculates that a fact-finder could find the reason to be false because of an overly technical interpretation. The Court will not second guess the business judgment of the employer. *See Chapman*, 229 F.3d at 1030. The pretext inquiry does not focus on whether Masso agrees with the interpretation of the documents; she must advance evidence to show that the Defendant was not motivated by the stated reason for non-hire, which she has not done. *See Standard v. A.B.E.L. Services Inc.*, 161 F.3d 1318, 1333 (11th Cir.1998) (holding that "[t]he heart of the pretext inquiry is not whether the employee agrees with the reasons that the em-

ployer gives ... but whether the employer was really motivated by those reasons.").

Second, Masso contends that none of decisionmakers involved in the case ever attempted to ascertain whether she actually received a memorandum from New World Symphony relating to her employment. It is not true that MDPD did nothing to ascertain whether she actually received a document from the New World Symphony relating to her employment. Masso provided no information to MDPD relating to the discrimination charge on the grounds that she believed it to be confidential. Bush–Coleman worked to, and eventually obtained, a copy of the charge from the EOB to verify the answer to 25(d) of the Questionnaire. Whether Masso believes MDPD should have done more than what was already done to verify whether a document related to her employment with New World Symphony existed is irrelevant. *See Baker v. Bank of Nova Scotia*, 2006 WL 618413 (N.D.Ga. March 8, 2006) (holding that these sorts of contentions do not demonstrate that defendant's articulated reasons were pretextual). Masso has failed to produce evidence that raises a question about whether the decisionmakers in fact believed there was a memorandum relating to her employment. It is undisputed that the head decisionmaker, the Assistant Director, was unaware that any memorandum existed at the time he chose to reject Masso's application and he honestly believed that Masso misrepresented her answer.

Masso next argues that the focus on her previously filed charge is suspicious and that there is no business justification for looking into Masso's previous charge. She also argues that the explanation advanced by the Lieutenant as to why the MDPD investigates previous issues an applicant has had with an employer is suspect.

These contentions do not establish pretext. The MDPD does put forth a business justification for looking into the background of an applicant. In his deposition, Lieutenant Ramirez explained that because the position of police dispatcher is sensitive in nature, there is a need "to ensure that we look at the person's complete background. They are going to be accessing sensitive information, and it's very important to determine . . .what led to the filing of the charges . . .to find out what the person's course of action would be at work." *Ramirez Tr.,*p. 34–35. He also stated that the MDPD did not care whether the applicant was right or wrong in filing the charges. *Id.* Bush–Coleman further explained that all of the information in the application, including credit history, employment history, criminal history and character references, must be documented and verified. That is the reason Bush–Coleman needed the documentation of Masso's previously filed charge. As stated above, it is not this Court's job to second guess the business judgment of an employer.

Finally, Masso appears to argue that the EEOC cause determination letter establishes pretext. That assertion is incorrect. Courts have found such letters that do not outline the evidence upon which it relies for its conclusion to be conclusory, and therefore, to have little probative value. *See Rudy v. Miami–Dade County,* Case No. 01–6354–Civ–Ungaro–Banages, *Order Granting Motion for Summary Judgment,* 2002 WL 368599 (S.D.Fla. Feb. 6, 2002). This letter states that "there is reasonable cause to believe that the Charging Party was retaliated against in violation of Title VII." It states *no reasons for this conclusion,* and is conclusory in nature. Therefore, this Court finds that this cause determination letter does not support any showing of pretext.

Masso has failed to rebut MDPD's proffered legitimate, non-retaliatory reason for choosing not to hire her. Masso has failed to meet her burden, and accordingly, MDPD is entitled to summary judgment.

For the reasons stated herein, it is **ADJUDGED** that Defendant's Motion for Summary Judgment is **GRANTED**.