[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14117
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-02555-AKK

EDWIN PUTMAN,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,
UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,
a Federal Agency,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 25, 2013)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Edwin Putman, a white male, appeals following the district court's grant of summary judgment in favor of the U.S. Department of Veterans Affairs ("the VA") in his employment discrimination and retaliation suit under Title VII. Putman argues that the district court erred in various respects by rejecting his claims.

## I.

We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court, and draw all factual inferences in the light most favorable to the non-moving party. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1242-43 (11th Cir. 2001).

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). The moving party bears the burden of production. *Fickling v. United States*, 507 F.3d 1302, 1304 (11th Cir. 2007). If the moving party meets this burden, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in his favor." *Id*. A plaintiff cannot defeat summary judgment by relying upon conclusory allegations or speculation.

2

*See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997).

Regarding federal employees, 42 U.S.C. § 2000e-16(a) provides that "[a]ll personnel actions affecting employees or applicants for employment . . . shall be made free from any discrimination based on race, color . . . [or] sex . . . " 42 U.S.C. § 2000e-16(a).  Pursuant to a 1972 amendment, "Congress ma[de] Title VII applicable in the federal workplace to the same extent that it was already applicable in the non-federal workplace . . . ." *See Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998) (citations omitted).  While we have not addressed, in a published opinion, whether § 2000e-2(a) – the provision pertaining to non-federal workers – and § 2000e-16(a) are legally equivalent, other Circuits have so held.  *See Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007) (citations omitted); *Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006) (citation omitted); *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981).  Therefore, we assume, for purposes of this opinion, that the coverage is the same under § 2000e-16 and § 2000e-2.

When a claim of intentional discrimination involves circumstantial evidence, the district court may analyze the case using the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct.

3

1817, 36 L.Ed.2d 668 (1973). *Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). Under *McDonnell Douglas*, the plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that he has satisfied the elements of his *prima facie* case. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824.

To set out a *prima facie* case for disparate treatment in a race or sex discrimination case, the plaintiff may show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse action; and (4) he was treated less favorably than a similarly situated individual outside his protected class. *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003).

If a plaintiff makes out a *prima facie* case of discrimination, and the employer articulates a nondiscriminatory basis for its action, then the burden shifts back to the plaintiff to show that the employer's proffered reason was a pretext for discrimination. *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981); *see E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002). In all Title VII cases where pretext is an issue, we consider whether the employer's proffered reasons were "a coverup for a . . . discriminatory decision." *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir.

4

2002).  In doing so, we must evaluate whether the plaintiff has demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence."  *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (citation omitted).  Ultimately, if the proffered reason is one that might motivate a reasonable employer, the plaintiff must meet the reason "head on and rebut it."  *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*).

The district court did not err by granting summary judgment on Putman's race and gender discrimination claims regarding an incident with a black female co-worker.  The parties do not dispute that Putman made out a *prima facie* case, so the only issue that remains is pretext.  On appeal, however, he does not address, and before the district court he did not rebut, the VA's explanation that the female co-worker followed office policy by immediately reporting the incident, while he had to be asked to do so.  We likewise conclude that Putman's other contentions in this respect are meritless, and note that although there was some evidence that the female co-worker may have had disagreements with other coworkers, the record does not show that the decision-maker knew about those incidents or that he ignored them when he disciplined both Putman and the female co-worker.

5

II.

In order to establish a *prima facie* case for retaliation, assuming the equivalence of § 2000e-3(a) and § 2000e-16, a claimant generally must show that: (1) he engaged in statutorily protected activity; (2) he suffered the type of materially adverse action that would dissuade a reasonable employee from engaging in the protected activity; and (3) there was a causal relationship between the events. *Burlington N. & Sante Fe R.R. Co. v. White*, 548 U.S. 53, 57, 126 S.Ct. 2405, 2409, 165 L.Ed.2d 345 (2006); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2000). An employee losing his salary for a period of time or receiving an unfavorable performance review constitutes a materially adverse action. *Alvarez v. Royal Atl. Dev., Inc.*, 610 F.3d 1253, 1268 (11th Cir. 2010) (citation omitted); *Crawford v. Carroll*, 529 F.3d 961, 973 (11th Cir. 2008). A plaintiff may satisfy the causation element by showing that the protected activity and the adverse action were not "completely unrelated." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004). Close temporal proximity between the protected activity and the adverse action may be sufficient to show that the two were not wholly unrelated. *Bass v. Bd. of Cnty. Comm'rs, Orange Cnty., Fla.*, 256 F.3d 1095, 1119 (11th Cir. 2001). "In the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression

6

and the adverse action, the complaint of retaliation fails as a matter of law." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (citation omitted) (holding that a three-month gap was insufficient to show causation).

"The plaintiff must at least establish that the employer was actually aware of the protected expression at the time the employer took adverse [ ] action against the plaintiff." *Holifield v. Reno*, 115 F.3d 1555, 1566 (11th Cir. 1997) (citation omitted); *see also Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1196 (11th Cir. 1997) ("It is not enough for the plaintiff to show that *someone* in the organization knew of the protected expression . . .") (emphasis added).

Finally, if a plaintiff employee makes out a *prima facie* case, and the employer articulates a legitimate, non-discriminatory reason for the action, *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824, the plaintiff must then show, by a preponderance of the evidence, that the reason is pretextual. *Crawford*, 529 F.3d at 976 (citation and quotation marks omitted). A reason is pretextual if it is false and the true reason is impermissible, *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993). "The plaintiff must meet the reason proffered [by his employer] head on and rebut it." *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1308 (11th Cir. 2007) (citation omitted).

The district court did not err by granting summary judgment on Putman's

7

individual retaliation claims.[1]  As to the hallway encounter, Putman failed to make out a *prima facie* case because four years had passed since his last EEO contact, which was too long to establish causation based on temporal proximity.

As to the proposed 10-day suspension following that encounter, even if we assume that Putman established causation, and the VA proffered a legitimate, nondiscriminatory reason, his claim still fails.  Ultimately, he failed to demonstrate pretext because he did not rebut the VA's legitimate reason for the delay between the encounter and the proposed suspension by showing that it was false and concealed a retaliatory motive.  *St. Mary's*, 509 U.S. at 515, 113 S.Ct. at 2752; *Crawford*, 529 F.3d at 976 (citation omitted).

Regarding emails from two superior VA employees in response to Putman's pharmacy shortage message, Putman did not make out a *prima facie* case because he failed to show: (1) a materially adverse action or (2) that those employees knew about his previous EEO activity.

As to the narcotic fast-fill vault events, Putman failed to make out a *prima facie* case, because he did not show that he suffered a materially adverse action.

---

[1]  Because Putman fails to contest the district court's finding that he abandoned his retaliation claim regarding the incident where he was told he might have to work the night shift, and does not adequately address that incident in his brief, he has abandoned any challenge in that respect on appeal.  *Carmichael v. Kellogg, Brown, & Root Serv., Inc.*, 572 F.3d 1271, 1293 (11th Cir. 2009).

Although the district court found no evidence that his supervisor knew about his past EEO activity, the record shows that she was part of his previous complaint. Putman failed to demonstrate pretext, however, because he did not show that his supervisor's reason for refusing to provide additional help was false and her true motivation was retaliation.

As to the reprimand based on Putman's emails with his supervisor, he failed to rebut her reason for the reprimand. Regarding the final incident where Putman's supervisor spoke to him in front of other pharmacy employees, he did not establish: (1) that he suffered a materially adverse action; (2) causation; or (3) that his supervisor's reason for questioning him was a pretext for retaliation.

### III.

In the context of a retaliation claim, we have held that the cumulative weight of numerous individual incidents can be considered in determining whether the employee experienced materially adverse action, noting that "[w]hile the other actions of which [the employee] complains 'might not have individually risen to the level of [ a materially] adverse . . action under Title VII, when those actions are considered collectively, the total weight of them does constitute'" a materially adverse action. *See Shannon v. Bellsouth Tele., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (citation omitted); *E.E.O.C. v. Reichhold Chem., Inc.*, 988 F.2d 1564, 1572

9

(11th Cir. 1993).

Even considered in the aggregate, Putman's cumulative retaliation claim fails. Assuming, *arguendo*, that he made out a *prima facie* case, he still did not establish, as discussed above, that the VA's proffered reasons for each of the actions were pretexts for retaliation. Accordingly, the district court did not err by granting summary judgment to the VA in this respect.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**